UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| MARK N. SAM,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED, | }<br>}<br>} | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | |
| | } | |
| KIRSCHENBAUM & PHILLIPS, P.C., ELLIOT<br>PHILLIPS, LVNV FUNDING, LLC, RESURGENT<br>CAPITAL SERVICES L.P., SHERMAN FINANCIAL<br>GROUP, LLC, FORSTER & GARBUS, LLP,<br>MARK A. GARBUS, AND RONALD FORSTER | }<br>}<br>}<br>}<br>} | |
| | } | |
| Defendants. | } | |

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, Mark N. Sam [hereinafter "Sam"], on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Kirschenbaum & Phillips, PC [hereinafter "K&P"], Elliot Phillips (hereinafter "Phillips"), LVNV Funding, LLC (hereinafter "LVNV"), Resurgent Capital Services LP (Resurgent), Sherman Financial Group, LLC [hereinafter "Sherman"], Forster & Garbus, LLP [hereinafter "F&G"], Mark A. Garbus (hereinafter "Garbus"), and Ronald Forster (hereinafter "Forster"), and shows the court the following:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on K&P having a principal place of business located at 40 Daniel Street, Ste. 7, Farmingdale, NY  11735 and F&G having a principal place of

business located at 60 Motor Parkway, Commack, NY 11725.

3. Venue in this district is proper based on Defendants' regular transaction of business within this district.   Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendants also derive substantial revenue from services rendered in this district.   The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

4. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

5. K&P is a professional corporation organized under the laws of the State of New York with a principal place of business at 40 Daniel Street, Ste. 7, Farmingdale, NY  11735.

6. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity.  See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015). K&P possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

7. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present K&P have acted as the attorney for a plaintiff in hundreds of consumer debt collection lawsuits.

8. On a consistent and regular basis over a period of numerous years through the present K&P, without using the courts, has collected and attempted to collect debts from consumers on behalf of banks and debt buyers.

9. Based upon the allegations in the above three paragraphs, the principal purpose of K&P is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another; and K&P is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 USC 1692b (6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

11. Phillips is an "individual", an attorney and an owner of the "debt collector" K&P, a main financial beneficiary of "debt collector" K&P, an individual with a principal place of business located at "debt collector" K&P, and/or controls and/or supervises the debt collection activities of "debt collector" K&P.

12. Phillips executed the Income Execution which is the basis for the allegations in this Complaint against K&P, Phillips, LVNV, Resurgent, and Sherman.

13. Phillips therefore is a "person who uses any instrumentality of interstate commerce or the

mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Phillips is a debt collector as defined by 15 USC 1692b (6) and 1 USC 1.

14. LVNV is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

15. LVNV's primary business consists of the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts and then, via agents, attorneys, and/or third-party debt collectors, attempting to collect these defaulted debts from consumers.

16. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present LVNVs has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that LVNV became the owner of the debt from the original creditor.

17. The aforementioned consumers include New York City residents.

18. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. LVNV possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using

legal processes or other means to collect or attempt to collect such debt.".

19. LVNV possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

20. On its website, LVNV describes itself as follows:

> "LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency."

21. Based upon the above allegations, the principal purpose of LVNV is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and therefore, LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

22. Resurgent is a Delaware Limited Partnership and a New York Foreign Limited Partnership.

23. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".  Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors.  Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

24. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

25. On its website, Resurgent describes itself as follows:

> "Resurgent Capital Services is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. We manage accounts across the credit spectrum including performing accounts, sub- and non-performing accounts, secured accounts, and unsecured accounts. Our offices are located in Greenville, SC and Cincinnati, OH. As a loan servicer and licensed collection agency, we may perform collection activities on accounts directly, or we may outsource the recovery activities to other independently owned collection agencies and law firms."

26. Based upon the above allegations, the principal purpose of Resurgent is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.; and therefore, Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

27. Sherman is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

28. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

29. Sherman wholly owns numerous subsidiaries which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA. Upon information and belief, Sherman directs and/or requires and/or allows Sherman's wholly owned "debt collectors" subsidiaries to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always

possesses the beneficial interests in the collection accounts which Sherman's wholly owned "debt collectors" attempt to collect.

30. Based on the above, the principal purpose of Sherman is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

31. Based on the above, Sherman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

32. F&G is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

33. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity.  See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015). F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

34. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present F&G was the plaintiff's attorney in numerous consumer debt collection lawsuits. Also, on a consistent and regular basis over a period of numerous years through the present, F&G has collected and attempted to collect debts from consumers on behalf of a third-party owner of the debt with the use of letters on which F&G sets forth that it is a debt collector

attempting to collect a debt and sets forth disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

35. Based upon the above allegations, the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

36. Based upon the allegations in the above three paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

37. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

38. Garbus is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted

to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 U.S.C. §
1692b(6) and 1 USC 1.

39. Garbus is accordingly liable to Plaintiff based on being a "debt collector" and based on the
acts of F&G.

40. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any
instrumentality of interstate commerce or the mails in any business the principal purpose of
which is the collection of any debts, or who regularly collects or attempts to collect, directly
or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself
does not define the word "person"; but the Dictionary Act's definition of a person expressly
includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions;
and an attorney who is an officer or employee of a law firm named after himself is not
among those excluded.

41. Forster is an "individual" with a principal place of business located at "debt collector" F&G,
a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G,
and/or controls and/or supervises the debt collection activities of "debt collector" F&G.
Forster therefore is a "person who uses any instrumentality of interstate commerce or the
mails in any business the principal purpose of which is the collection of any debts, or who
regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted
to be owed or due another." Therefore, Forster is a debt collector as defined by 15 U.S.C. §
1692b(6) and 1 USC 1.

42. Forster is accordingly liable to Plaintiff based on being a "debt collector" and based on
the acts of F&G.

43. Resurgent and LVNV are wholly owned subsidiaries of Sherman.

44. Upon information and belief, Sherman, a "debt collector", directs and/or requires and/or allows Sherman's wholly owned subsidiaries such as Resurgent and LVNV to carry out collection efforts on Sherman's behalf or for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which Resurgent or LVNV attempt to collect in the name of Resurgent or LVNV; and Sherman directly actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of Resurgent or LVNV including the selection and supervision and continuous evaluation of the effectiveness of attorneys/debt collectors such as K&P and F&G.

45. Upon information and belief, LVNV, Resurgent and/or an entity on their behalf issued work standards, directives, and/or guidelines to K&P and F&G which contained instructions, controls, and rules governing the steps K&P could and could not take to attempt to enforce judgments and instructions, controls, and rules governing the steps F&G could and could not take regarding vacating judgments and transferring files to other attorneys.

46. All the actions alleged in this Complaint taken by K&P and F&G were taken by K&P and F&G as the "debt collector" for the "debt collector" Resurgent and LVNV and the "debt collector" Sherman.

47. Based on the allegations in the above four paragraphs, LVNV, Resurgent and Sherman are vicariously liable for the actions of K&P and F&G.

48. Sam is a natural person.

49. Sam is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

50. On February 21, 2008, F&G, on behalf of LVNV, filed a lawsuit against Sam in the Supreme Court of the City of the State of New York, County of Chautauqa under Index No.

KI-2008-291 ("State Action").  See Exhibit A.

51. Per Exhibit A, the past due debt referred to in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account for his individual use, individually incurring charges by using the credit card account and then, as an individual, failing to pay for these charges.  F&G, via Exhibit A, attempted collect the past due debt from Sam in his individual capacity.  Exhibit A sets forth disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".  Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

52. As set forth in Exhibit B, K&P, on behalf of LVNV, issued Exhibit B to the Sheriff to enforce the Judgment obtained by LVNV against Sam in the State Action; and the Marshal served Exhibit B on Sam on or about August 29, 2017.

**FIRST CAUSE OF ACTION-CLASS CLAIM**

53. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

54. The Affidavit of Service setting for the alleged service of the State Action on Sam is annexed as Exhibit C.

55. Exhibit C alleges that the process server served Sam 03/08/2008 at 57 Union Street, Westfield, NY 14787.

56. Sam was not residing at 57 Union Street, Westfield, NY 14787 on 03/08/2008, and had not resided there since the end of October 2007.  On 03/08/2008, Sam was residing at 3663 Webster Road, Portland, NY 14769.

57. Upon information and belief, based on the process serving company being American Legal Process and the process server being Annette Forte, Annette Forte did not serve the State Action as set forth in Exhibit C but instead falsified the Affidavit of Service.

58. Based on the above, the court that issued the Judgment never had jurisdiction over Plaintiff; and therefore the Judgment obtained as a result of the State Action was void.

59. Since the Judgment obtained as a result of the aforementioned lawsuit against Sam was void, there was no legal right to maintain the Judgment.

60. Since the Judgment obtained as a result of the aforementioned lawsuit against Sam was void, there was no legal right to issue Exhibit B in an attempt to enforce the Judgment.

61. Based on the above allegations, K&P, Phillips, LVNV, Resurgent, and Sherman violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f as a result of the maintenance of the Judgment and the issuance of Exhibit B.

## SECOND CAUSE OF ACTION-CLASS CLAIM

62. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

63. K&P did not obtain the aforementioned Judgment against Sam on behalf of LVNV.

64. K&P took over as LVNV's attorneys in the State Action on or about July 20, 2017.

65. Based on the above, K&P had an obligation to conduct a meaningful attorney review before it began to attempt to attempt to enforce the Judgment.

66. Notwithstanding the foregoing, prior to attempting to enforce the Judgment, K&P did not obtain or review the file of the prior attorney, the court, or LVNV.

67. Notwithstanding the foregoing, upon information and belief, at the time K&P sent the

Exhibit B to the Sheriff, it did not possess even a copy of the Judgment, the application for the default judgment, the affidavit of service and/or the Complaint.

68. For one or more of the reasons alleged above, K&P did not fulfill its legal obligation to conduct a meaningful attorney review before it began to attempt to attempt to enforce the Judgment and did not fulfill its legal obligation to conduct a meaningful attorney review before sending Exhibit B to the Sheriff.

69. If K&P had conducted a meaningful attorney review before it began to attempt to attempt to enforce the Judgment and/or before sending Exhibit B to the Sheriff, K&P may have discovered that the Judgment was void or that there was no legal right to enforce the Judgment due to the aforementioned service issues; and for one of these reasons may not have sent Exhibit B to the Sheriff.

70. Based on the above allegations, K&P, Phillips, LVNV, Resurgent, and Sherman violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f as a result of the issuance of Exhibit B.

### THIRD CAUSE OF ACTION-CLASS CLAIM

71. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

72. Sometime in 2009 and/or 2010, Phillips and Kirschenbaum & Phillips, P.C. obtained knowledge that Annette Forte, the process server who allegedly served the State Action on Sam, and/or the process serving company for which she worked, American Legal Process, had in numerous instances not actually served the lawsuits they claimed to have served and had executed and/or filed numerous false affidavits of service.

73. K&P did not obtain the aforementioned Judgment against Sam on behalf of LVNV.

74. K&P took over as LVNV's attorneys in the State Action on or about July 20, 2017.

75. Upon information and belief, prior to sending Exhibit B to the Sheriff, Phillips and/or K&P knew that these aforementioned instances of false service and false affidavits of service occurred during the time period which included the date on which Sam allegedly was served with the State Action.

76. Upon information and belief, prior to sending Exhibit B to the Sheriff, Phillips and/or K&P knew that these aforementioned instances of false service and false affidavits of service often involved lawsuits which were served in the manner in which the State Action allegedly was served on Sam, service pursuant to CPLR 308(4).

77. Upon information and belief, despite knowing that the Judgment may have been obtained as a result of an aforementioned instance of false service and a false affidavit of service, the Judgment was maintained and K&P sent Exhibit B to the Sheriff.

78. Based on the above allegations, K&P, Phillips, LVNV, Resurgent, and Sherman violated 15 USC § 1692f, 15 USC § 1692e, 15 USC § 1692e(3), 15 USC § 1692e(10), 15 USC § 1692e(5), and 15 USC § 1692e(2)A as a result of the maintenance of the Judgment and the issuance of Exhibit B.

**FOURTH CAUSE OF ACTION-CLASS CLAIM**

79. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

80. K&P did not obtain the aforementioned Judgment against Sam on behalf of LVNV.

81. K&P took over as LVNV's attorneys in the State Action on or about July 20, 2017.

82. The second page of Exhibit B contained information regarding a debt allegedly owed by Sam including but not limited to the amount allegedly owed, a statement that Sam owed the

specified amount of money, and the details regarding the Judgment and State Court Action.

83. K&P, on behalf of LVNV, issued the second and third page of Exhibit A to the Sheriff for the Sheriff to serve Exhibit B on Sam; and as shown by the first page of Exhibit B, the Sheriff served Exhibit B on Sam.

84. Pursuant to 15 U.S.C. § 1692a(2), "[t]he term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium."

85. The second and third page of Exhibit A was a "communication" as defined by 15 U.S.C. § 1692a (2).

86. The second and third page of Exhibit B was K&P's only or first "communication" to Sam; and therefore, K&P failed to send to Leon the written notice required by 15 U.S.C. § 1692g.

87. Based on the above allegations, K&P, Phillips, LVNV, Resurgent, and Sherman violated 15 U.S.C. § 1692g by issuing the second and third page of Exhibit B to the Sheriff.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

88. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

89. Sometime in 2009 and/or 2010, F&G, Garbus, and Forster obtained knowledge that Annette Forte, the process server who allegedly served the State Action on Sam, and/or the process serving company for which she worked, American Legal Process, had in numerous instances not actually served the lawsuits they claimed to have served and executed and/or filed numerous false affidavits of service.

90. Notwithstanding the above knowledge, F&G, Garbus, and Forster (a) maintained the Judgment, (b) upon information and belief failed to take steps required to ascertain the validity of the Judgment or was unable to ascertain the validity of the Judgment, (c) upon

information and belief notwithstanding the execution of a Consent to Change Attorney (Exhibit D) failed to advise LVNV regarding the possible issues with the validity of the Judgment, and/or (d) upon information and belief notwithstanding the execution of a Consent to Change Attorney (Exhibit D) failed to advise K&P regarding the possible issues with the validity of the Judgment.

91. Based on the above allegations, F&G, Garbus, Forster, LVNV, Resurgent, and Sherman violated 15 USC § 1692f, 15 USC § 1692e, 15 USC § 1692e(3), 15 USC § 1692e(10), 15 USC § 1692e(5), and 15 USC § 1692e(2)A as a result of the above actions and omissions.

## SIXTH CAUSE OF ACTION-CLASS CLAIM

92. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

93. New York state law common law, separate and apart from any New York statute, requires each assignor of a debt to notify the debtor of the assignment of the debt as a prerequisite to the legal right of an assignee of the debt to file a lawsuit against the debtor to attempt to collect the debt and/or as a prerequisite to the legal right of an assignee of the debt to obtain a judgment in any such lawsuit.

94. Sam never received any notification from each assignor of a debt of the assignment of the debt.

95. New York state law common law, separate and apart from any New York statute, requires a plaintiff, who is an assignee of a debt, in a lawsuit against a debtor to attempt to collect a debt to produce a compete chain of title as a prerequisite to the legal right of such plaintiff to file such a lawsuit and/or to obtain a judgment in any such lawsuit.

96. Upon information and belief, there never existed a compete chain of title.

97. Based on the above allegations, F&G filed a lawsuit against Sam when LVNV had no standing or legal right to file the lawsuit or obtain a Judgment against Sam based on the lack of proper notice of assignments of the debt and/or an inability to produce a complete chain of title.

98. Based on the allegations set forth in this Cause of Action, F&G, Garbus, Forster, LVNV, Resurgent, and Sherman violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f by filing the State Court Action and/or obtaining the Judgment.

## CLASS ALLEGATIONS

99. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b) (3).

100. As against K&P, Phillips, LVNV, Resurgent, and Sherman, the classes consist of the following:

I.  (a) all natural persons (b) who are consumers, (c) against whom an Income Execution or Restraining Notice has been issued within the last year in an attempt to enforce a default judgment in favor of LVNV obtained in an attempt to collect a consumer debt as a result of service of process by Annette Forte or by a process server employed by American Legal Process (d) where the Affidavit of Service alleges service via NY CPLR 308(4);

II.  (a) all natural persons (b) who are consumers, (c) who K&P, Phillips, LVNV, Resurgent, and/or Sherman within the last year have allowed to exist against them a default judgment in favor of LVNV obtained in an attempt to collect a consumer debt as a result of service of process by Annette Forte or by a process server

employed by American Legal Process (d) where the Affidavit of Service alleges service via NY CPLR 308(4); and

III.  (a) all natural persons (b) who are consumers, (c) against whom an Income Execution or Restraining Notice has been issued within the last year in an attempt to enforce a judgment in favor of LVNV obtained in an attempt to collect a consumer debt (d) where K&P was not the law firm which obtained the judgment, and (d) K&P issued the Income Execution or Restraining Notice before sending out a 15 U.S.C. § 1692g letter to the consumer or before waiting to see if the 15 U.S.C. § 1692g letter to the consumer was returned by the post office due to it being sent to an incorrect address or otherwise being undeliverable.

101. As against K&P and Phillips, the classes consist of the following:

I.  (a) all natural persons (b) who are consumers, (c) against whom an Income Execution or Restraining Notice has been issued within the last year in an attempt to enforce a default judgment obtained in an attempt to collect a consumer debt as a result of service of process by Annette Forte or by a process server employed by American Legal Process (d) where the Affidavit of Service alleges service via NY CPLR 308(4);

II.  (a) all natural persons (b) who are consumers, (c) who K&P and/or Phillips within the last year have allowed to exist against them a default judgment obtained in an attempt to collect a consumer debt as a result of service of process by Annette Forte or by a process server employed by American Legal Process (d) where the Affidavit of Service alleges service via NY CPLR 308(4); and

III.  (a) all natural persons (b) who are consumers, (c) against whom an Income Execution or Restraining Notice has been issued within the last year in an attempt to enforce a judgment obtained in an attempt to collect a consumer debt (d) where K&P was not the law firm which obtained the judgment, and (d) K&P issued the Income Execution or Restraining Notice before sending out a 15 U.S.C. § 1692g letter to the consumer or before waiting to see if the 15 U.S.C. § 1692g letter to the consumer was returned by the post office due to it being sent to an incorrect address or otherwise being undeliverable.

102. As against F&G, Garbus, Forster, LVNV, Resurgent, and Sherman, the classes consist of the following:

I.  (a) all natural persons (b) who are consumers, (c) who F&G, Garbus, Forster, LVNV, Resurgent, and/or Sherman within the last year have allowed to exist against them a default judgment in favor of LVNV obtained in an attempt to collect a consumer debt as a result of service of process by Annette Forte or by a process server employed by American Legal Process (d) where the Affidavit of Service alleges service via NY CPLR 308(4);

II.  I.  (a) all natural persons (b) who are consumers, (c) against whom there existed a default judgment in favor of LVNV obtained in an attempt to collect a consumer debt (d) where the default judgment was obtained by F&G on behalf of LVNV as a result of service of process by Annette Forte or by a process server employed by American Legal Process (e) where the Affidavit of Service alleges service via NY CPLR 308(4) (f) where F&G executed and delivered a Consent to

Change Attorney (g) where within the last year an Income Execution or Restraining Notice has been issued to enforce a judgment; and

III.  (a) all natural persons (b) who are consumers, (c) against whom within the last year F&G on behalf of LVNV filed a lawsuit in an attempt to collect a consumer debt (d) where the consumer was not notified of each assignment of the debt.

103. As against F&G, Garbus, and Forster, the classes consist of the following:

I.  (a) all natural persons (b) who are consumers, (c) who F&G, Garbus, and/or Forster within the last year have allowed to exist against them a default judgment obtained in an attempt to collect a consumer debt as a result of service of process by Annette Forte or by a process server employed by American Legal Process (d) where the Affidavit of Service alleges service via NY CPLR 308(4);

II.  (a) all natural persons (b) who are consumers, (c) against whom there existed a default judgment obtained in an attempt to collect a consumer debt (d) where the default judgment was obtained by F&G as a result of service of process by Annette Forte or by a process server employed by American Legal Process (e) where the Affidavit of Service alleges service via NY CPLR 308(4) (f) where F&G executed and delivered a Consent to Change Attorney (g) where within the last year an Income Execution or Restraining Notice has been issued to enforce a judgment; and

III.  (a) all natural persons (b) who are consumers, (c) against whom within the last year F&G filed a lawsuit in an attempt to collect a consumer debt (d) where the consumer was not notified of each assignment of the debt.

104. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

105. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

106. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

107. A class action is the superior means of adjudicating this dispute.

108. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

1. Statutory damages under the FDCPA of $1,000 for Plaintiff and actual damages of Plaintiff under the FDCPA in an amount to be determined at trial;

2. Statutory damages under the FDCPA of $1,000 for each class member in a total amount not to exceed the lesser of $500,000 or 1% of the net worth of all the defendants;

3. Statutory damages for Plaintiff under NY GBL section 349 and actual damages for Plaintiff under NY GBL section 349 in an amount to be determined at trial;

4. Costs and attorneys' fees allowed as a result of this action; and

5. Any and all other relief deemed just and warranted by this court.

Dated:        August 29, 2018

/s/  Mitchell L. Pashkin
Mitchell L. Pashkin (MP 9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY  11743
(631) 335-1107
mpash@verizon.net